## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| JESSE LEE III, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| SAFE-DRY CARPET AND ) | JURY TRIAL DEMANDED |
| UPHOLSTERY, ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

## JURISDICTION

1. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2. This suit is authorized and instituted under 42 U.S.C. § 1981.

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4. Plaintiff, Jesse Lee III, ("Plaintiff" or "Lee") is a resident of Leeds, St. Clair County, Alabama, and performed work for the Defendant in the counties

composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Southern Division.

5. Defendant, Safe-Dry Carpet and Upholstery ("Defendant") is an unregistered company doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

6. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

7. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

8. Plaintiff began his employment with Defendant on or about October 26, 2017, as a Service Representative.

9. Lee is a person of African ancestry.

10. Lee worked for Safe-Dry Carpet and Upholstery on or about October 26, 2017, as a Service and Sales Representative.

11. Plaintiff's performance during his employment with Defendant was satisfactory.

12. Lee received no write-ups while Defendant employed him.

13. All of Defendant's Sales and Service Representatives are assigned jobs through the House Call system.

14. Shortly after Plaintiff began working for Defendant, he noticed that Defendant was not assigning him to jobs or scheduling him to work.

15. Plaintiff's co-worker, a person of European ancestry, was getting assigned jobs and full-time hours.

16. Plaintiff complained about not getting full-time hours but was never scheduled to work the hours he was initially promised.

17. On or about November 7, 2017, Plaintiff's supervisor, Chase Hoagland informed him he was terminating his employment.

18. When he was terminated, Hoagland told Plaintiff that business was slow, and they could not afford to keep Plaintiff on as an employee.

19. Around the same time, the company terminated the employment of two of Plaintiff's co-workers, one of whom was of European ancestry and the other who also had African ancestry.

20. Later, the company terminated another employee of African ancestry.

21. A week later, and even though the company told Plaintiff business was slow, the company re-hired the co-worker of European ancestry.

22. Later, the company hired two new employees of European ancestry to replace Plaintiff.

## COUNT ONE TITLE VII - RACE DISCHARGE

23.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

24.     Plaintiff is a person of African ancestry.

25.     Plaintiff was qualified for the position of Sales and Service Representative.

26.     Defendant's employee, Chase Hoagland, terminated Plaintiff's employment on or about November 7, 2017.

27.     When Defendant discharged Plaintiff it also discharged an employee of European ancestry.

28.     Just one week later, Defendant rehired the employee of European Ancestry.

29.     Later, Defendant replaced Plaintiff with two additional employees of European ancestry.

30.     Defendant's actions in terminating Plaintiff's employment violated Title VII.

31.     Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

32.     Defendant's Race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

33. Because of Defendant's discriminatory decision made in whole or in part because of his race, Plaintiff has lost pay and continues to be paid less.

**COUNT TWO 42 U. S. C. § 1981 DISCHARGE**

34. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

35. Plaintiff is a person of African ancestry.

36. Plaintiff was qualified for the position of Sales and Service Representative.

37. Defendant's employee, Chase Hoagland, terminated Plaintiff's employment on or about November 7, 2017.

38. When Defendant discharged Plaintiff it also discharged an employee of European ancestry.

39. Just one week later, Defendant rehired the employee of European Ancestry.

40. Later, Defendant replaced Plaintiff with two additional employees of European ancestry.

41. Because of Defendant's discriminatory decision made in whole or in part because of race, Plaintiff has lost pay and continues to be paid less.

42. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering the loss of pay, benefits, and mental anguish.

43. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of race in violation of 42 U. S. C. § 1981.

44. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering the loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

D. Award back pay, with employment benefits, front pay, compensatory damages; special damages; punitive damages; nominal damages;

E. Attorneys' fees and costs;

F.      Plaintiff requests that the Court award Plaintiff equitable relief as provided by applicable law; and,

G.      Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Kira Fonteneau

_____
Felicia T. Long

**OF COUNSEL:**

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Safe-Dry Carpet and Upholstery**
**133 Citation Court**
**Birmingham, AL 35209**